IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MUHAMMAD WURIE JAH,                    *
                    Petitioner,
        v.                             *        CIVIL ACTION NO. RDB-06-2228

DISTRICT DIRECTOR OF CITIZENSHIP       *
 AND IMMIGRATION SERVICES
In his official capacity               *
                    Respondent.
                                      ***

## MEMORANDUM OPINION

This pro se "Complaint" was filed by Muhammad Wurie Jah ("Jah"), who is currently

detained at the Perry County Correctional Center in Uniontown, Alabama.  Jah claims that: (1) in

2001, he filed an application for citizenship in this district; (2) in April of 2002, he took the required

citizenship test, passed, and was fingerprinted by Immigration and Naturalization Service ("INS")

personnel; and (3) in July of 2002, he interviewed with an INS examiner.  Jah states that to this date

he has not heard from the INS.  Paper No. 1.  He asks this Court to compel the District Director to

adjust his status from resident alien to citizen.

The thrust of this action involves Jah's complaint that the government has failed to reach a

decision on his citizenship application within a reasonable period of time.  To the extent that the

action seeks to compel Respondent to make a determination with regard to the application and to

adjust Jah's status from permanent resident to United States citizen, the document shall be construed

as a 28 U.S.C. § 1361 petition for writ of mandamus.  The Respondent shall be directed to respond

to this aspect of the "Complaint."[1]

---

[1]        Jah  is confined, but his Complaint was accompanied by a $180.00 Postal Money Order.
The filing fee for a mandamus action is $350.00.   Consequently, Jah shall be required to submit the
outstanding $170.00 balance of the fee or to file a motion explaining why he cannot remit the remaining
portion of the full $350.00 fee.

Jah is apparently in removal proceedings.[2] He has additionally filed an "Emergency Motion for Stay of Deportation." Paper No. 2. He seemingly claims that the offense on which the removal proceedings is based is not an aggravated felony and the "Immigration Reform Act of 1996" cannot be retroactively applied to this offense.[3] *Id*. Jah additionally claims that a petition to vacate his conviction is pending. *Id*. He asks this Court to grant an emergency stay. *Id*.

To the extent Jah seeks to challenge his order of removal on constitutional grounds and seeks to stay his deportation, his action shall be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief. For reasons to follow, injunctive relief shall be denied and the petition shall be dismissed.

It is well-settled law that jurisdiction over a § 2241 petition lies in the federal district court whose territorial limits include the place of a petitioner's confinement or where a petitioner's custodian is located. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 496 (1973) (§ 2241 petitions typically heard by court having jurisdiction over petitioner's custodian). Generally, the custodian is the person having the day-to-day control over the detainee. *See Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986).

---

[2]     District Counsel for the INS, Immigration and Customs Enforcement ("ICE") confirms that Jah remains in ICE custody based upon a June 1, 2006 decision ordering his removal. The order was issued by an Immigration Judge in York, Pennsylvania, and was appealed to the Board of Immigration Appeals ("BIA"). District Counsel states that the BIA remanded the case to the Immigration Judge on August 16, 2006, for procedural reasons (a defect in the transcript). It therefore appears that Jah's removal is not imminent.

[3]     Jah does not note the underlying nature of his criminal offense. A review of the Federal Court "PACER" docket, however, reveals that in 2005, a Muhammad Wurie Jah was convicted in the United States District Court for the Eastern District of Pennsylvania on counts of wire fraud, in violation of 18 U.S.C. § 1343, and sentenced to 12 months and 2 years supervised release. *See United States v. Jah*, Criminal No. PBT-04-0181 (E.D. Pa.).

Jah is housed in a local detention facility in Alabama.  His § 2241 challenge to his removal and detention must be raised in the district court that has jurisdiction over his custodian, the superintendent or director of the detention facility in Uniontown, Alabama.  Personal jurisdiction at this time lies in Alabama, not in Maryland.[4]  Accordingly, Jah's removal shall not be stayed.  The § 2241 portion of this action shall be dismissed without prejudice for lack of jurisdiction.

A separate Order follows.

Date:  <u>September 6, 2006</u>                 <u>/s/</u>                                                                   
                                                        RICHARD D. BENNETT
                                                        UNITED STATES DISTRICT JUDGE

---

[4]        Alternatively, the Court lacks subject matter jurisdiction to review Jah's final order of removal under the Real ID Act of 2005 or "RIDA."  Section106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

[N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal.  *See Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2006).  RIDA undoubtedly divests this Court of subject matter jurisdiction to review a challenge to any decision to remove Jah.